UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JILL MARIE-KAPPUS SCHMID,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE ARMY, U.S. ARMY CORP OF ENGINEERS, JOHN M. McHUGH, Secretary of the Army, ROBERT VAN ANTWERP, as Commanding General and Chief of the U.S. Army Corps of Engineers<br><br>Defendant. | NO.  CV-11-5042-RMP<br><br>STIPULATED PROTECTIVE ORDER RE:  CONFIDENTIAL PERSONNEL, EDUCATIONAL, EMPLOYMENT, HEALTH CARE, PSYCHOLOGICAL & PRIVACY ACT INFORMATION |

Before the Court is the parties' stipulated motion for entry of a protective order.  ECF No. 26.  The Cour has reviewed the stipulated motion and all other relevant filings.  Based on the agreement of the parties, and the nature of the information subject to the proposed protective order, the Court finds good cause to enter the proposed protective order in substantially the same form as proposed by the parties.  However, as the public maintains an interest in the public nature of these proceedings independent of the interests of the parties, the parties may not by

STIPULATED PROTECTIVE ORDER - 1

agreement provide that court records are sealed by default. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir, 2006). Instead, a party seeking to file information marked as confidential under the proposed protective order shall file a public motion to seal. In light of that change, the parties' stipulated motion for entry of a protective order, **ECF No. 26**, is **GRANTED IN PART AND DENIED IN PART**.

Accordingly, **IT IS HEREBY ORDERED:**

To expedite the flow of discovery material between the parties, and facilitate the prompt resolution of disputes over confidentiality, and to adequately protect individually identifiable privacy interests in personnel records, education records, health information and such other protectable privacy information which is entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, it is pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, the following Protective Order will apply to appropriate records and information within investigative, personnel and other files or records produced by the parties in its discovery disclosures and responses:

1.  This Protective Order shall govern the treatment and handling of all personnel records, academic records, investigative records (including non-conviction information), health care information and mental health records, which

STIPULATED PROTECTIVE ORDER - 2

records and /or information are designated by the parties and/or by the Court as containing *confidential* information, including, but not limited to the health care records of the Plaintiff, personnel, supervisor and investigative files of the Army Corps of Engineers, the Walla Walla Police Department, and various health care providers, as they relate to the allegations contained in Plaintiff's Complaint.

2. The parties may designate additional documents as "confidential" and thus subject those records to the terms of this Protective Order by fixing a notation to such documents, materials or information, or by other appropriate written notice to the attorneys of record. The parties may designate "***CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER***" the referenced investigative, health care, mental health, and personnel records, and any other materials or information that they believe contains confidential information.

3. Testimony taken in deposition in this case similarly may be designated as confidential by consent of the parties and made be made subject to the terms of this Order at the time of the record.

4. Either party may move the court for determination of confidentiality if the parties are unable to resolve a dispute regarding a determination of confidentiality. No disclosure shall be made of any information designated as

STIPULATED PROTECTIVE ORDER - 3

confidential except as provided herein and until such time as the matter is resolved by the court.

    5.    Documents, materials, or information designated confidential pursuant to this Protective Order shall not be disclosed or disseminated by the parties or plaintiff's attorney to any other person or entity, with the following exceptions:

    a.    Use of such confidential documents, materials, or information for trial preparation by paralegal or secretarial staff of attorney is allowed by this Protective Order, subject to all conditions of this Protective Order which govern the use of such confidential information;

    b.    Documents, materials or information designated by the parties as confidential may be provided to expert witnesses, or consultants by the attorneys provided such expert witness or consultants, before being allowed to see any confidential documents, materials, or information, in writing acknowledge receipt of a copy of this Protective Order and agree to be bound by the terms of this Protective Order.  The prohibition of this paragraph shall apply in all circumstances, including, but not limited to, deposition in this case.

    6.    All summaries and exhibits prepared from confidential information shall be stamped **"CONFIDENTIAL"** or ***"CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER"*** by counsel causing them to be prepared.

    7.    All persons having access to confidential information made available pursuant to this agreement shall agree not to make any use of said confidential information except in connection with the above-captioned litigation and shall

STIPULATED PROTECTIVE ORDER - 4

further agree not to deliver or transfer said confidential information to any person not previously authorized by the terms herein.

8. Counsel disclosing confidential information to any person or entity shall be responsible for limiting distribution of the confidential information to those persons who both (1) have a need to know the information and (2) are authorized to receive the information under this Protective Order. Counsel shall be prepared to account for the disposition and use of the information under this Protective Order.

9. All copies of confidential information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

10. All documents, materials, and information designated as confidential and disclosed to any person pursuant to this Protective Order shall remain in the possession only of the attorneys, experts, or consultants to whom they are disclosed as provided by the Protective Order. The parties or their attorneys may not retain any documents, materials, or information designated as confidential pursuant to this Protective Order after the conclusion of this litigation or the trial of this case, whichever comes first.

11. Except as otherwise provided by law, upon completion of this litigation, all documents and materials designated confidential and all copies thereof, shall be returned to the producing party.

STIPULATED PROTECTIVE ORDER - 5

12. Documents, materials, and information designated as confidential pursuant to this Order may be disclosed in regular proceedings of this Court and/or by agreement of the attorneys. However, exhibits marked "CONFIDENTIAL" shall be: a) filed in ECF under seal as a proposed sealed document accompanied by a publicly filed motion to seal; b) designated as an Exhibit containing confidential material subject to the Court's Protective Order; and c) a copy of the exhibit that is to be sealed shall be promptly served upon opposing counsel in accordance with Rule 5 (email to ECF registered account complies with requirement).

13. The confidential documents, materials, or information set forth to facilitate discovery in this case may nonetheless be used at trial without limitation. However, any party or interested third party may apply to this Court for additional protection regarding the protected use at trial of any discovery produced in this case. Such motions should be filed contemporaneous with the parties' respective *motions in limine*.

14. No further modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

STIPULATED PROTECTIVE ORDER - 6

15. The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

16. By executing this Protective Order, the parties and their respective counsel certify that prior to the disclosure of any confidential information that the proposed recipient of the information will be provided with a conformed copy of this Protective Order.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 22nd day of August 2012.

>    *s/ Rosanna Malouf Peterson*
>    ROSANNA MALOUF PETERSON
>    Chief United States District Court Judge

STIPULATED PROTECTIVE ORDER - 7